**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4594**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

        v.

BOBBY EUGENE CREWS,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:13-cr-00019-BO-1)

Submitted:  April 28, 2014              Decided:  May 7, 2014

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Eugene Crews was confined at the Federal Prison Camp at Butner, North Carolina. On October 11, 2012 while Crews was part of an afternoon landscaping crew, he walked away from the camp and into the nearby woods. He was discovered missing and placed on escape status. On October 19, 2012, Crews was apprehended near Greensboro, North Carolina. Crews pled guilty to escape from federal custody and was sentenced to a term of twelve months' imprisonment, to run consecutive to the sentence he was serving at the time of his escape. Crews appeals, arguing that the district court erred by not reducing his offense level under U.S. Sentencing Guidelines Manual § 2P1.1(b)(3), which provides for a four-level reduction for escape from a non-secure community corrections center or similar facility. We affirm.

We review the application of the Sentencing Guidelines de novo. United States v. Sarno, 24 F.3d 618, 623 (4th Cir. 1994); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Under the two-pronged test adopted in Sarno, the § 2P1.1(b)(3) reduction applies if: (1) the escape is from a non-secure facility; and (2) the non-secure facility is "similar to a community corrections center, community treatment center or half-way house." 24 F.3d at 623.

2

Crews does not qualify for a reduction under § 2P1.1(b)(3) because a prison camp is not "similar to a community corrections center, community treatment center or half-way house." Id. at 623 & n.4 (citing cases). Accordingly, the district court properly denied the reduction.

For these reasons, we affirm Crews' twelve-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED